IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS D. WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-15-422-D |
| v. | ) | |
| | ) | |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed this civil action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). With his Complaint filed April 20, 2015, Plaintiff has submitted an Application for Leave to Proceed In Forma Pauperis. For the following reasons, it is recommended that Plaintiff's Application be denied in accordance with 28 U.S.C. § 1915(g) and that Plaintiff's cause of action be dismissed without prejudice unless Plaintiff pays the full $400.00 filing fee within twenty days.

The Prison Litigation Reform Act ("PLRA") was enacted in 1996 in response to "a sharp rise in prisoner litigation in the federal courts," and the PLRA was "designed to bring this litigation under control." Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the PLRA's provisions, codified at 28 U.S.C. § 1915(g), "revoke[s], with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." Skinner v. Switzer, 562 U.S. 521, 131 S.Ct. 12899,

1

1299-1300 (2011).

Due to a history of filing civil actions dismissed as frivolous or for failure to state a claim for relief, Plaintiff is subject to the provisions of 28 U.S.C. § 1915(g). Taking judicial notice of the Court's records and the public records of the United States District Court for the Northern District of Texas, Plaintiff has previously filed four § 1983 actions that were dismissed for failure to state a claim and/or as frivolous and/or for failure to exhaust administrative remedies (with a "strike").

As previously found by United States District Judge DeGiusti in his Order entered December 21, 2011, in Plaintiff's 42 U.S.C. § 1983 action, <u>Marcus D. Woodson v. William Barlow, et al.</u>, Case No. CIV-11-1349-D, Plaintiff is subject to the requirements of 28 U.S.C. § 1915(g). In that case, the undersigned Magistrate Judge recommended that Plaintiff's application seeking leave to proceed *in forma pauperis* be denied, and District Judge DeGiusti adopted that recommendation and denied Plaintiff's motion to proceed *in forma pauperis* because he had not shown that he was entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

Plaintiff was previously assessed "strikes" under 28 U.S.C. § 1915(g) in this Court in <u>Woodson v. Garfield County Sheriff</u>, Case No. CIV-05-778-T (W.D.Okla. Aug. 23, 2005), and <u>Woodson v. Garfield County Sheriff's Dep't</u>, Case No. CIV-05-1204-T (W.D. Okla. Dec. 28, 2006), and Plaintiff did not appeal either decision, resulting in the assessments of two "strikes" for purposes of 28 U.S.C. § 1915(g). See <u>Strope v. Cummings</u>, 653 F.3d 1271, 1274 (10th Cir. 2011); <u>Hafed v. Fed. Bureau of Prisons</u>, 635 F.3d 1172, 1176-77 (10th Cir.

2011).

Further, as previously found by Judge DeGiusti in <u>Marcus D. Woodson v. William Barlow</u>, et al., Case No. CIV-11-1349-D, dismissals of Plaintiff's § 1983 actions in the United States District Court for the Northern District of Texas in <u>Woodson v. Casasanta</u>, Case No. 2:96-CV-0049 (N.D.Tex. Nov. 19, 1998), and in <u>Woodson v. McLeod</u>, Case No. 2:96-CV-0098 (N.D. Tex. Dec. 8, 1998), as frivolous and for failure to state a claim for relief both became two more "strikes" under 28 U.S.C. § 1915(g) when Plaintiff did not appeal the decisions.

Thus, because Plaintiff has at least three "strikes" or "prior occasions" he may not proceed *in forma pauperis* in this action unless he shows he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To satisfy the imminent-danger exception the litigant with three strikes must make "specific, credible allegations of imminent danger of serious physical harm." <u>Hafed</u>, 635 F.3d at 1179 (quotations and citation omitted). "[V]ague and utterly conclusory assertions" of physical injuries are insufficient. <u>White v. State of Colo.</u>, 157 F.3d 1226, 1231 (10th Cir. 1998). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." <u>Stine v. U.S. Fed. Bureau of Prisons</u>, 465 Fed. App'x. 790, 793 (10th Cir. 2012)(unpublished op.)(internal quotation marks and citation omitted).

In his Complaint, Plaintiff has not made a credible allegation that he is in imminent danger of serious physical injury. He makes only conclusory allegations that he subjectively fears for his safety because of the presence of inmate gang members and also alleges in

conclusory terms that he has not been provided what he believes to be adequate medical treatment for "back pain" and "hypertension." Consequently, Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. # 2) should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. # 2) be DENIED and that Plaintiff's cause of action be DISMISSED WITHOUT PREJUDICE unless Plaintiff pays the full $400.00 filing fee within twenty (20) days of this date. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by    May 12th , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    22nd    day of    April   , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE